IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COURTNEY NOLL<br>50 Lochspur Lane<br>Moreland Hills, Ohio 44022 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) | |
| v. | ) ) | **COMPLAINT FOR**<br>**INJUNCTIVE RELIEF AND** |
| CLUB FIT, LTD.<br>c/o Phillip J. Stotter<br>20820 Chagrin Boulevard, Suite 101<br>Shaker Heights, Ohio 44122 | ) ) ) ) ) | **DAMAGES**<br><br>**(Jury Demand Endorsed**<br>**Hereon)** |
| Defendant. | ) ) | |

Plaintiff, Courtney Noll, by and through undersigned counsel, as her Complaint against Defendant, Club Fit, Ltd., states and avers the following:

## INTRODUCTION

1. Plaintiff Courtney Noll is a resident of the Village of Moreland Hills, County of Cuyahoga, and State of Ohio.

2. Defendant Club Fit, Ltd. is an Ohio corporation with its principal place of business in the City of Shaker Heights, County of Cuyahoga, State of Ohio.

3. At all times material herein, Club Fit was Noll's employer for the purposes of Ohio Rev. Code § 4112.01(A)(2).

4. Club Fit is, and at all times material herein was, engaged in related activities performed through unified operation of common control for a common business purpose, and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

5. Club Fit is, and at all times material herein was, an enterprise engaged in commerce or in the production of goods for commerce.

6. Club Fit has, and at all times material herein had, employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

7. Club Fit is, and at all times material herein was, an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

8. Club Fit is, and at all times material herein was, an enterprise whose annual gross volume of sales made or business done is not less than $150,000.

9. Club Fit is, and at all times material herein was, subject to the provisions of 29 U.S.C. § 207 and Ohio Rev. Code § 4111.03, which require employers to compensate employees who work in excess of forty hours in one workweek at a rate of one and one-half times the employees' normal wage rate.

10. At all times material herein, Noll was an individually covered employee pursuant to 29 U.S.C. § 207(a)(1), in that she was engaged in commerce.

11. At all times material herein, Club Fit was Noll's employer pursuant to Ohio Rev. Code § 4111 *et seq*.

12. At all times material herein, Club Fit was Noll's employers pursuant to 29 U.S.C. § 203(d).

13. Jurisdiction is proper over Club Fit pursuant to 28 U.S.C. § 1331 in that Noll is alleging federal law claims arising under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

14. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which Club Fit operates and conducts business.

## FACTUAL ALLEGATIONS

15. Noll incorporates by reference the allegations from the preceding paragraphs, as if fully re-alleged herein.

16. Club Fit employed Noll from June 7, 2016 until January 4, 2017.

17. Noll held the title of "Operations Manager" during her tenure at Club Fit.

18. Noll was supervised by Club Fit's CEO, Phillip Stotter.

19. Noll did not have the authority to hire or fire employees without the approval of Stotter.

20. Noll did not exercise discretion or independent judgment with respect to matters of significance.

21. Noll did not manage the enterprise of Club Fit.

22. Noll did not manage a division or department of Club Fit.

23. All managerial decisions were made by Stotter.

24. Noll did not manage any employees at Club Fit.

25. Despite her title of Operations Manager, Noll acted as an assistant to Stotter.

26. Throughout her employment at Club Fit, Noll was non-exempt for the purposes of Ohio Rev. Code § 4111, *et seq.* and 29 U.S.C. § 200 *et seq.*

27. Throughout her employment at Club Fit, Noll regularly worked in excess of forty hours per workweek.

28. Throughout her employment, Club Fit did not pay Noll overtime wages for hours Noll worked in excess of forty per workweek.

29. From June 7, 2016 until December 5, 2016, Noll was paid on a salary basis.

30. For the pay periods of December 5, 2016 until January 4, 2017, Club Fit changed Noll to hourly basis without notice.

3

31. Noll was forced to miss two and a half days between December 5, 2016 and December 18, 2016 because she was ill.

32. Instead of allowing Noll to utilize paid time off or sick leave, Club Fit told Noll that she would not be paid for the two and a half days she was out while ill.

33. Club Fit unilaterally switched Noll from being paid on a salary basis to being paid on an hourly basis as the result of being ill for two and a half days.

34. As Noll's employment with Club Fit progressed, Stotter became aware that Noll had a serious boyfriend and the couple was close to be engaged.

35. In or around late November 2016, Stotter took it upon himself to confront Noll about the relationship.

36. Stotter pulled Noll into his office and questioned her about her future with the company.

37. Stotter asked Noll if her job at Club Fit "is just a bridge until you get married and have kids because if it is, I don't think it is the right fit."

38. Noll responded that she did not plan on leaving the company.

39. Noll was extremely offended by Stotter interrogating her about whether she was going to get married and have children and equating her starting a family with her not being a committed employee.

40. Noll felt that Stotter's questions would never be asked of a male employee in her situation.

41. On or about December 30, 2016, Noll became engaged to be married.

42. On or about January 2, 2017, Stotter became aware of Noll's engagement and sent her a text message congratulating her on the engagement.

43. On or about January 3, 2017, one day after Stotter became aware of Noll's engagement, Stotter again pulled Noll into his office and berated her about her future with Club Fit.

44. Stotter accused Noll of seeming "miserable" at work and again asked her if she was planning on staying at Club Fit.

45. Noll against told Stotter that she had no desire to leave Club Fit despite her recent engagement.

46. On or about January 4, 2017, just over one month from the time Stotter threatened Noll's employment if she was planning on getting married and having children, and two days after he found out she was engaged to be married, Stotter informed Noll that, "This just isn't working out. Give me your keys and we are done here."

47. Noll's employment was terminated because of Noll's gender.

48. Club Fit's termination of Noll's employment was in contravention of Ohio Rev. Code § 4112.

49. Club Fit's failure to pay Noll overtime compensation was in contravention of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

50. As a direct and proximate result of Club Fit's unlawful conduct, Noll has suffered pecuniary harm.

51. As a direct and proximate result of Club Fit's unlawful conduct, Noll has suffered physical illness and severe emotional distress.

### FIRST CAUSE OF ACTION
**(Gender Discrimination in Violation of Ohio Rev. Code § 4112.02)**

52. Noll incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

53. Noll is female and a member of a statutorily-protected class under Ohio Rev. Code § 4112.02.

54. Throughout her employment, Noll was fully competent and qualified for the position of Operations Manager.

55. Club Fit treated Noll differently than other similarly situated employees based on her gender.

56. Ohio Rev. Code § 4112.02 provides that it is an unlawful discriminatory practice for an employer to discriminate against an employee on the basis of the employee's gender.

57. Club Fit violated Ohio Rev. Code § 4112.02 by discriminating against Noll on the basis of her gender.

58. As a direct and proximate result of Club Fit's conduct, Noll suffered and will continue to suffer damages.

## SECOND CAUSE OF ACTION
### (Failure to Pay Overtime Compensation)

59. Noll incorporates by reference the allegations from the preceding paragraphs as if fully re-alleged herein.

60. Noll worked over forty (40) hours per week during her employment with Club Fit.

61. Pursuant to Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty (40) hours in one work week.

62. Noll was a non-exempt employee for purposes of Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

63. Club Fit failed to pay Noll overtime for any hours she worked over forty (40) in a given week.

64. As a direct and proximate result of Club Fit's failure to pay Noll her lawfully earned overtime wages, Noll suffered damages.

65. Club Fit willfully and/or intentionally violated Ohio Rev. Code § 4111.03(A) and 29 U.S.C. § 207.

66. Club Fit acted in bad faith in violating Ohio Rev. Code § 4111.03(A) and 20 U.S.C. § 207.

67. As a direct and proximate result of Club Fit's failure to pay Noll her lawfully earned overtime wage, pursuant to Ohio Rev. Code § 4111.10(A), Club Fit is liable to Noll for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

68. As a direct and proximate result of Club Fit's failure to pay Noll her lawfully earned overtime wage, pursuant to 29 U.S.C. § 216(b), Club Fit is liable to Noll for the full amount of the overtime wage rate, an addition equal amount as liquidate damages, as well as costs and reasonable attorneys' fees.

## **CONCLUSION**

Plaintiff Courtney Noll seeks judgment against Club Fit in an amount in excess of $25,000 to fully, fairly, and justly compensate her for injury, damage, and loss, and respectfully prays that this Court enter judgment in her favor and award her past and future economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law, including, but not limited to back pay, future losses, reinstatement, and promotion.

    Respectfully Submitted,

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)
Sobel, Wade & Mapley, LLC
2460 Fairmount Boulevard, Ste 314
Cleveland, Ohio 44106
T: (216) 223-7213
F: (216) 223-7213
sobel@swmlawfirm.com

*Attorney for Plaintiff Courtney Noll*

## **JURY DEMAND**

Plaintiff Courtney Noll demands a trial by jury by the maximum number of jurors permitted.

/s/ *Sean H. Sobel*
Sean H. Sobel (0086905)

*Attorney for Plaintiff Courtney Noll*